UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION
Case No.

ELIA GONZALES AND ERNESTO GONZALES,

    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,

    Defendant.

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes Defendant, ALLSTATE INSURANCE COMPANY (hereinafter referred to as "Allstate") a Write-Your-Own ("WYO") Program carrier participating in the U.S. Government's National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968 ("NFIA"), as amended,[1] and appears herein in its "fiduciary"[2] capacity as the "fiscal agent of the United States."[3] Allstate files this Notice of Removal and hereby removes this matter from state court to the docket of this Honorable Court. Allstate respectfully shows as follows:

---

[1] *See* 42 U.S.C. §4001 *et seq.*

[2] 44 C.F.R. §62.23(f).

[3] 42 U.S.C. §4071(a)(1); *Sanz v. U.S. Security Ins. Co.*, 328 F.3d. 1314, 1316 (11th Cir. 2003). *See also, Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998).

Case No.

I.

On April 8, 2010, Plaintiffs, Elia Gonzales and Ernesto Gonzales, filed a Complaint in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, entitled *"Elia Gonzales and Ernesto Gonzales v. Allstate Insurance Company,"* bearing case number 10-21262 CA 21.  A true and correct copy of all pleadings filed in the record of the state court proceeding is attached hereto as Exhibit "A."

II.

For the reasons that follow, Allstate hereby removes this case from state court to this Federal Court, pursuant to 42 U.S.C. §4072, 44 C.F.R. Pt. 61, App. A(1), Article IX, 28 U.S.C. §1331, U.S.C. §1337, 28 U.S.C. §1332 and 28 U.S.C. §1367.

**A.   REVIEW OF PLAINTIFFS' COMPLAINT**

1.      At paragraph 4 and 6, Plaintiffs allege that there was in full force and effect a policy issued by the insurance company with a policy number of 4800985641.[4]

2.      At paragraph 9, Plaintiffs allege that on or about June 5, 2009, the property sustained a covered loss as a result of water damage.

3.      At paragraphs 11, Plaintiffs allege that the Defendant refuses to pay the full amount of the claim.

4.      At paragraph 12, Plaintiffs allege that they notified the Defendant that they were in disagreement with its evaluation of the loss.

---

[4]  Please note that this policy number is a Standard Flood Insurance Policy ("SFIP") issued to Plaintiffs by Allstate which was in full force and effect at the time of the loss.

Case No.

5.     At paragraphs 19-22 and the prayer for relief, Plaintiffs allege that they entered into an insurance contract with Defendant and that Defendant breached the contract, thereby sustaining damages.

**B.     THE FEDERAL GOVERNMENT'S RULES AND THE WYO PROGRAM CARRIER'S ROLE**

6.     Congress underwrites all operations of the NFIP through the U.S. Treasury. This includes appropriations for both the adjustment of claims and the payment of those claims. Similarly, Congress has conferred "rule-making power upon the agency created for carrying out its policy," specifically the Federal Emergency Management Agency ("FEMA").

7.     Allstate, as a WYO Program carrier, is authorized to issue the Standard Flood Insurance Policy ("SFIP") on behalf of the federal government pursuant to the "Arrangement" between itself and FEMA, set forth at 44 C.F.R. Pt. 62, App. A.

8.     Allstate cannot waive, alter or amend any of the provisions of the SFIP. *See* 44 C.F.R. §61.13(d) and 44 C.F.R. Pt. 61, App. A(1), Art. VII(D)(Oct. 1, 2008 edition).

9.     Further, Allstate has no authority itself to tailor or alter NFIP policies backed by the government. 44 C.F.R. §62.23.

10.    Allstate's role, as a WYO Program carrier and as set forth in the Arrangement, is to market, sell, administer, and handle claims under SFIPs that it is authorized to issue on behalf of the federal government. It is clear that Allstate, in its WYO capacity, is conducting all of these actions in its "fiduciary" capacity as the "fiscal agent" of the United States. *See* 44 C.F.R. §62.23(f) and 42 U.S.C. §4071(a)(1), respectively.

-3-

Case No.

11.    All flood claim payments made by a WYO Program carrier, such as Allstate, under an SFIP are made out of a segregated account containing U.S. Treasury funds, as required by 44 C.F.R. Pt. 62, App. A, Art. III. In *Newton v. Capital Assur. Co., Inc.*, 245 F.3d 1306, 1311 (11th Cir. 2001), *rehearing en banc denied*, 263 F.3d 172 (11th Cir. 2001), the Eleventh Circuit analyzed what funds are at stake in the NFIP with regard to claims for interest and noted that "claim payments come out of FEMA's pocket regardless of how they are paid." Moreover, the Fifth Circuit has held that "payments made pursuant to that policy are 'a direct charge on the public treasury.'" *Gowland*, 143 F.3d at 955, citing to *In re Estate of Lee*, 812 F.2d 253, 256 (5th Cir.1987).

12.    Any judgment that might be rendered in this case against Allstate arising out of how it adjusted Plaintiffs' SFIP claim would be paid by the federal government, and not by Allstate.  In *Shuford v. Fidelity National Prop. and Cas. Ins. Co.*, 508 F.3d 1337, 1343 (11th Cir. 2007), the Eleventh Circuit noted that "a suit for benefits under the National Flood Insurance Program raises the same concerns, under the Appropriations Clause, as a suit against a governmental entity because benefits under the National Flood Insurance Program are paid from the federal treasury." *See also*, *Newton*, 245 F.3d 1306, 1311 and FEMA's explanations to the Fifth Circuit in its *amicus curiae* brief in *Gallup v. Omaha Prop. and Cas. Ins. Co.*, 434 F.3d 341 (5th Cir. 2005).

13.    The NFIP, the SFIP, and the WYO Program carriers participating in the NFIP are all governed by federal law, not state law.  *See West v. Harris*, 573 F.2d 873 (5th Cir. 1978), *cert. denied*, 440 U.S. 946 (1979).  In *West*, 573 F.2d at 881, the original Fifth Circuit stated the following:

-4-

Case No.

Since the flood insurance program is a child of Congress, conceived to achieve policies which are national in scope, and since the federal government participates extensively in the program both in a supervisory capacity and financially, it is clear that the interest in uniformity of decision present in this case mandates the application of federal law.

## C.   FEDERAL JURISDICTION

### (1).   42 U.S.C. §4072 – Original Exclusive Jurisdiction

14.   42 U.S.C. §4072 conveys "original exclusive" jurisdiction over claims handling matters under the SFIP.  In *Shuford*, 508 F.3d at 1344, the Eleventh Circuit held that "we have clarified the policy language pertaining to jurisdiction, venue and applicable law to emphasize that matters pertaining to the Standard Flood Insurance Policy, including issues relating to and arising out of claims handling, must be heard in Federal court and are governed exclusively by Federal law."

15.   Pursuant to 42 U.S.C. §4072, the United States District Court for the district encompassing the insured property as of the date of the loss has "original exclusive" jurisdiction to hear such a case.  *See Shuford*, 508 F. 3d at 1344; *Hairston v. Travelers Casualty & Surety Co.*, 232 F.3d 1348 (11th Cir., 2000); and *Seibels Bruce Ins. Co. v. Deville Condominium Association, Inc.*, 786 So.2d 676 (Fla. App. 1 Dist., 2001).

16.   Plaintiffs are aware of the requirement of filing in federal court as SFIP Article VII(R) clearly states that the insured "must file suit in the United States District Court of the district in which the covered property was located at the time of the loss." Certainly Allstate is not suggesting that jurisdiction can be created by contract, but instead it is pointing out that Plaintiffs were fully aware of the requirement of filing in federal court.  Further, because the SFIP is a codified federal

-5-

Case No.

regulation, Plaintiffs are charged with the knowledge of this requirement. *See Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 384-85 (1947).

17.    In this case, Plaintiffs allege that Allstate has refused to pay for all the damages to their property, thereby breaching its contract of flood insurance. *See* Plaintiffs' Complaint. Thus, Plaintiffs have made a claim arising out of how Allstate handled their flood loss claim under the SFIP, thereby making removal proper pursuant to 42 U.S.C. §4072.

**(2).    28 U.S.C. §1331 - Federal Question Jurisdiction**

18.    Allstate asserts that the SFIP is a codified federal regulation found in its entirety at 44 C.F.R. Pt. 61, App. A(1) and is governed exclusively by federal laws and the NFIA. As per the terms of the SFIP, "this policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. §4001, et seq.), and federal common law." 44 C.F.R. Pt. 61, App. A(1), Article IX.  Because the flood policy must be interpreted using federal common law, federal jurisdiction exists pursuant to 28 U.S.C. §1331.

19.    In order to determine what, if any, U.S. Treasury benefits the Plaintiffs may be entitled to receive, the Court will necessarily have to interpret the SFIP itself as well as the federal laws, regulations and statutes governing the SFIP.  Federal common law governs the interpretation of the SFIP, and courts must "interpret the SFIP in accordance with its plain, unambiguous meaning." *Linder & Assoc., Inc. v. Aetna Cas. & Sur. Co.*, 166 F.3d 547, 550 (3rd Cir. 1999).  As the SFIP is a federal law, necessarily the interpretation of the SFIP (and the federal laws governing the operation of the NFIP) to determine the coverage provided thereunder and any amounts due under the SFIP

-6-

Case No.

would require the interpretation of a federal law which presents a federal question. Thus, there is federal question jurisdiction under 28 U.S.C. §1331, and the case is therefore also removable pursuant to 28 U.S.C. §1441(a), (b) and (c).

20.    Clearly, the payment that the Plaintiffs seek from Allstate under the SFIP would be a "direct charge on the public treasury," and would be "binding" upon the federal government. *See Gowland*, 143 F.3d at 955; and 44 C.F.R. Pt. 62, App. A, Art. II(F).

21.    Pursuant to 28 U.S.C. §1331, and by operation of 28 U.S.C. §1441(a), (b) and (c), Allstate asserts that there are multiple federal questions presented within the Plaintiffs' Complaint thereby making the action removable pursuant to 28 U.S.C. §1331.

**(3).    Federal Jurisdiction Under 28 U.S.C. §1337**

22.    As an additional basis for federal jurisdiction, Allstate contends that 28 U.S.C. §1337 also applies to the case at bar. As this Court is well aware, §1337 grants "original jurisdiction of any civil action or proceeding under any Act of Congress regulating commerce,...".

23.    In *C.E.R. 1988, Inc. v. The Aetna Cas. and Surety Co.*, 386 F.3d 263, 267 (3rd Cir. 2004), the court in analyzing the structure of the NFIP under the *National Flood Insurance Act of 1968, as amended* held that:

> States have no regulatory control over the Program's operations. [FN3].

> FN3. The insurance industry in the United States operates in interstate commerce. States may regulate the insurance industry only to the extent Congress permits. U.S. Const. art. I, § 8, cl. 3. The McCarren-Ferguson Act, 15 U.S.C. § 1011, *et seq.*, grants states this power except where Congress enacts legislation that "specifically relates to the business of insurance." 15 U.S.C. § 1012(b). In *Barnett Bank of Marion County v. Nelson*, 517 U.S. 25, 116 S.Ct. 1103, 134 L.Ed.2d 237 (1996), the Supreme Court held that the exception for acts relating to the business of insurance should be construed

-7-

Case No.

broadly, noting that "[t]he word 'relates' is highly general." *Id.* at 38, 116 S.Ct. 1103. Without doubt the NFIA is congressionally-enacted legislation relating to the business of insurance.

24.    Therefore, original jurisdiction in this Court is conveyed pursuant to 28 U.S.C. §1337.

25.    There is no concurrent subject matter jurisdiction in state courts. *See Hairston v. Travelers Cas. & Surety Co.*, 232 F.3d 1348 (11th Cir.2000); *McCormick v. Travelers*, 103 Cal. Rptr.2d 258 (Cal. App. 1st. Cir. 2001), *review denied*; *Seibels Bruce v. Deville Condominium Assoc.*, 786 So.2d 616 (Fla. Dist. App. 1st Cir. 2001)(reversing a $900,000 judgment for lack of subject matter jurisdiction in state court); and *Battle v. Siebels Bruce Ins. Comp.*, 288 F. 3d 596 (4th Cir.(N.C.)) (wherein the Fourth Circuit vacated an order remanding the case to state court). However, the reverse is true as federal courts do have pendent jurisdiction over state-law-based causes of action. *See Whiting v. Univ. of Southern Miss.*, 451 F.3d 339(5th Cir. 2006) (where action is before federal court on federal question jurisdiction, court may exercise pendent jurisdiction over state law claims where there exists a common nucleus of operative fact).

**(4). Diversity Jurisdiction Under 28 U.S.C. §1332**

26.    As an additional basis for removal, there exists diversity jurisdiction. Allstate is a foreign insurer with its principle place of business in Illinois, and is a citizen of the State of Illinois for diversity purposes. The Plaintiffs have alleged that they are domiciled in the State of Florida. Accordingly, there is complete diversity of citizenship between the parties.

27.    In addition, the amount in controversy, exclusive of interest and costs, exceeds the jurisdictional minimum of $75,000.00. See 28 U.S.C. §1332(a). The Complaint does not

FOWLER WHITE BURNETT P.A. • ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131-3302 • (305) 789-9200

Case No.

affirmatively state an amount in controversy. However, from the face of the Petition, it is apparent that the claims do exceed the minimum of $75,000.00.

28.   Plaintiffs make a claim for benefits under their policy arising from the damages caused by flood, as well as personal damages, loss of use, costs, interest, attorney's fees and penalties.[5]

29.   When one takes into account Plaintiffs' claims of general and special damages and penalties against the defendant it is then clear from the face of the petition the claims do exceed the minimum required. Therefore, the Plaintiffs' aggregate claims clearly exceed the $75,000.00 minimum required by 28 U.S.C. §1332.

**D.   THERE IS SUPPLEMENTAL JURISDICTION OVER ANY STATE LAW CLAIMS**

30.   To the extent that any of the claims of the Plaintiffs are not subject to federal jurisdiction, this Court has jurisdiction over all such claims under 28 U.S.C. §1367, which provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §1367. *See Exxon Mobile Corp. v. Allapattah Services, Inc.*, 125 S.Ct. 2611, 2620 (2005).

31.   All of the claims put at issue in the Plaintiffs' Complaint arise from the property damage that they allegedly sustained as a result of a flood loss, and from their efforts to obtain flood insurance benefits as a result of that loss. As such, all of the Plaintiffs' legal claims arise from the same nucleus of operative fact, that being the underlying flood loss claim, and all of the insurance

---

[5]See Declaration page attached as Exhibit B showing policy limits of $250,000.00

Case No.

issues arising therefrom. Traditionally, federal courts have exercised supplemental jurisdiction over all such claims in cases of this type. *See, e.g., Winkler v. State Farm Fire*, 266 F.Supp.2d 509, 513-14 (S.D.Miss. 2003); *Jamal v. Travelers Lloyds of Texas Ins. Co.*, 97 F.Supp.2d 800, 805 (S.D.Tx. 2000) and *Siebels,* 786 So. 2d 676. Handling all claims arising in this dispute in one forum will serve the interest of judicial economy and fairness. *Winkler,* 266 F.Supp.2d at 514.

**E.    PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET**

32.    Allstate notes that its first knowledge or notice of the suit was on April 22, 2010, when it was mailed from the office of the Chief Financial Officer of the State of Florida, a copy of which is attached hereto as part of Exhibit A.  The 30-day period in which to remove does not commence running until the defendant is actually served.  Allstate was served with the lawsuit on April 22, 2010. This Notice of Removal is filed on May 12, 2010.  Thus, this Notice of Removal is "filed within the thirty days after receipt by the defendant," as required by 28 U.S.C. §1446(b), and it is therefore timely.

33.    Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), as the property and the majority of the transactions at issue occurred within the jurisdictional territory of this Court.

34.    Pursuant to 28 U.S.C. §1446(a), attached hereto as Exhibit A is a copy of all processes, pleadings, and orders served on Allstate to date.

**CONCLUSION**

WHEREFORE, Defendant, Allstate Insurance Company, prays that this Notice of Removal will be deemed good and sufficient, and that this matter will be accepted onto this Court's docket.

-10-

Case No.

Respectfully submitted,

J. Michael Pennekamp
Fla. Bar No. 983454
FOWLER WHITE BURNETT P.A.
Espirito Santo Plaza, 14th Floor
1395 Brickell Avenue
Miami, Florida 33131-3302
Telephone: (305) 789-9200
Facsimile: (305) 789-9201
E-mail: jmp@fowler-white.com
*Local Counsel for Allstate Insurance Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 12th day of May, 2010 to Ely R. Levy, Esq., MILITZOK & LEVY, The Yankee Clipper Law Center, 3230 Stirling Road, Suite 1, Hollywood, FL 33021.

J. Michael Pennekamp

-11-